IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-30012
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM GREEN, also known
as Juney Boy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(92-CR-468-H & 96-CV-3188-H)
_____

August 31, 1998

Before REAVLEY, DAVIS and DUHÉ, Circuit Judges.

PER CURIAM:[*]

In 1993, William Green, now federal prisoner #22644-034, pleaded guilty to conspiracy to commit murder, in violation of 18 U.S.C. § 1959 (Count 9), and to using and carrying firearms in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count 14).  The district court sentenced Green to 120 months' imprisonment on the murder-conspiracy count and to 60

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

months' imprisonment on the firearms count, the sentences to run consecutively by statute.

Green did not file a direct appeal, but he did file a motion to set aside his sentence pursuant to 28 U.S.C. § 2255, which the district court dismissed. Green now appeals from that dismissal. We affirm.

Green argues that his guilty plea to Count 14 of the superseding indictment charging him with using and carrying a firearm in relation to a drug trafficking crime under § 924(c)(1) is no longer valid in light of the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995).

Although this claim is subject to a procedural bar under Bousley v. United States, 118 S.Ct. 1604 (1998), the Government did not invoke the procedural bar in the district court and under United States v. Drobny, 855 F.2d 990 (5th Cir. 1992), we proceed to the merits.

A conviction under § 924(c)(1) requires that the defendant (1) used or carried a firearm (2) during and in relation to a drug-trafficking offense. See 18 U.S.C. § 924(c). In Bailey, the Supreme Court vacated the § 924© convictions of two defendants, one of whom had a gun in the trunk of his car and the other of whom had a gun in her bedroom closet along with crack cocaine. Bailey, 516 U.S. at 139-40, 150-51. The Court determined that a conviction for "use" of a firearm requires evidence sufficient to "show active employment of the firearm" by the defendant. Id. at 144. "Use" includes "brandishing,

2

displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." Id. at 148. Moreover, the "silent but obvious and forceful presence of a gun on a table can be a `use.'" Id. However, "[a] defendant cannot be charged under § 924(c)(1) merely for storing a weapon near drugs or drug proceeds." Id. at 149. "'[U]se' cannot extend to encompass [the] action" of "conceal[ing] a gun nearby to be ready for an imminent confrontation." Id. The gun must be disclosed or mentioned by the offender. Id.

The Government conceded that, in light of Bailey, at the time the two firearms at issue in the § 924(c) count were confiscated from Green's residence, Green was neither "carrying" nor "using" the weapons -- one was confiscated under a sofa cushion and the other from inside a bureau.

The Government argues that Green admitted in the factual basis to his guilty plea that on June 25, 1991, a date reasonably near the September 25, 1991, date alleged in the § 924(c) count, he shot at Carl Narcisse as part of the conspiracy to murder the men who had stolen money from Green's residence. The court order dismissing Green's § 2255 petition also noted that Green pleaded guilty to conspiracy to commit murder, the purpose of which was to maintain his position in an illegal drug trafficking enterprise. The district court pointed out that these facts, which Green admitted as part of the government's factual resumé, support a guilty plea to using a firearm in relation to

possession of 1/4 kilogram of cocaine, as alleged in the indictment.

In this connection, the district court relied on well-settled circuit caselaw that use of the phrase "on or about" relieves the government of the duty of proving a crime was committed on the specific date in the indictment.  See, e.g., United States v. Bowman, 783 F.2d 1192, 1197 (5th Cir. 1986). Green's use of firearms connected with drug trafficking occurred well within the period "on or about" September 25, 1991.

Based on the connection between the use of firearms and Green's admission of participation in a cocaine enterprise, we conclude that there was sufficient proof to support the basis for Green's plea to Count 9.  The factual basis was also sufficient to uphold, for habeas corpus purposes, the voluntariness of his guilty plea.

For the foregoing reasons, the judgment of the district court is AFFIRMED.